UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION, et al.,<br><br>　　　　　Defendants. | Case No. CV 14-3701-CBM (RNB)<br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

　　Plaintiff is a California state prisoner, currently incarcerated at California State Prison-Los Angeles County, in Lancaster. On June 24, 2014, he filed a pro se civil rights complaint herein ostensibly pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), after being granted leave to proceed without prepayment of the full filing fee.

　　As best the Court can glean from the allegations of the Complaint, plaintiff is claiming that his federal constitutional right to due process was violated when the Drug Enforcement Administration ("DEA") failed to properly respond to plaintiff's request pursuant to the Freedom of Information Action ("FOIA") for all records relating to the two murders of which plaintiff was convicted. Plaintiff believes that the requested information will exculpate him because it will reveal the identity of the person who actually committed the two murders.

Named as defendants are the DEA and the Chief of the DEA's FOIA management section (who is named in her official capacity only). The sole relief being sought by plaintiff is injunctive relief requiring defendants to turn over to plaintiff the information he was seeking in his FOIA request.

In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the Court has screened the Complaint prior to ordering service, for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The Court's screening of the Complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether the Complaint states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. See Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Further, since plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

After careful review and consideration of the Complaint under the relevant standards, the Court finds that its allegations are insufficient to state a federal civil rights claim upon which relief may be granted, for the reasons discussed below.

## DISCUSSION

As noted above, plaintiff ostensibly has brought this action pursuant to 42 U.S.C. § 1983 and the Supreme Court's Bivens decision. The elements of a § 1983 claim are that a defendant, acting under color of state law, deprived the plaintiff of a right under the federal constitution or laws. See Miranda v. Clark County, 279 F.3d 1102, 1106 (9th Cir. 2002) (citing West v. Atkins, 487 U.S. 42, 48-49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)). Bivens actions are judicially created equivalents to § 1983 actions allowing a plaintiff to sue a federal officer for civil rights violations under color of federal law. See, e.g., Carlson v. Green, 446 U.S. 14, 18, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980) (allowing Bivens action for violation of Cruel and Unusual Punishment Clause of Eighth Amendment); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (§ 1983 and Bivens action same except for replacement of state actor under § 1983 with federal actor under Bivens). Since defendants here are

federal actors, the question is whether plaintiff's allegations are sufficient to state a claim against them under Bivens. For the reasons discussed hereafter, the answer to that question is no.

First, there is no freestanding substantive federal due process right to obtain post-conviction discovery of exculpatory evidence. See District Attorney's Office for the Third Judicial District v. Osborne, 557 U.S. 52, 72, 129 S. Ct. 2308, 174 L. Ed. 2d 38 (2009); see also Houchins v. KQED, Inc., 438 U.S. 1, 15, 98 S. Ct. 2588, 57 L. Ed. 2d 553 (1978) ("Neither the First Amendment nor the Fourteenth Amendment mandates a right of access to government information or sources of information with the government's control."); Henderson v. District Attorney Office, – Fed. Appx. –, 2014 WL 2211417, at *1 (9th Cir. May 29, 2014) (civil rights action seeking post-conviction access to biological evidence for DNA testing failed to allege sufficient facts to state a viable due process claim). The government's duty to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) does not apply after a defendant has been convicted and the case closed. See Osborne, 557 U.S. at 68-69; see also Skinner v. Switzer, – U.S. – , 131 S. Ct. 1289, 1300, 179 L. Ed. 2d 233 (2011) ("Brady announced a constitutional requirement addressed first and foremost to the prosecution's conduct pretrial.").

Second, "a Bivens action does not lie where a comprehensive federal program, with extensive statutory remedies for any federal wrongs, shows that Congress considered the types of wrongs that could be committed in the program's administration and provided meaningful statutory remedies." See Adams v. Johnson, 355 F.3d 1179, 1183-84 (9th Cir. 2004) (citing Schweiker v. Chilicky, 487 U.S. 412, 423, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988)). The FOIA represents just such a comprehensive statutory scheme, in that it provides requesters with the potential for injunctive relief either to enjoin the withholding of documents or to compel production of agency records. See 5 U.S.C. § 552(a)(4)(B). Accordingly, plaintiff is precluded from bringing a due process claim under Bivens based on defendants'

alleged violation of the FOIA.  See Johnson v. Executive Office for U.S. Attorneys, 310 F.3d 771, 777 (D.C. Cir. 2002) ("[T]he comprehensiveness of FOIA precludes the creation of a Bivens remedy."); see also Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 816 (8th Cir. 2004); Hays v. Transportation Sec. Admin., 2014 WL 1512252, at *3 (C.D. Cal. Mar. 11, 2014); Raher v. Federal Bureau of Prisons, 2011 WL 466902, at *3-*4 (D. Or. Feb. 2, 2011); Rodrigues v. Norwood, 2010 WL 2740174, at *5-*6 (C.D. Cal. Jul. 9, 2010).

Third, "Bivens provides that federal courts have the inherent authority to award damages against federal officials to compensate plaintiffs for violations of their constitutional rights."  See Western Center for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000).  Here, plaintiff seeks only injunctive relief, not damages. See Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1393 n.21 (9th Cir. 1987) (commenting that in Bivens, the Supreme Court "was concerned only with a *damage* remedy") (emphasis in original); Stephens v. Herring, 827 F. Supp. 359, 364 (E.D. Va. 1993) ("[T]he court notes that Bivens itself was concerned only with money damages, not injunctive relief.").[1]

************

A pro se litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).  Here, it appears that the deficiencies of the Complaint can be cured by amendment.  Plaintiff can simply avail himself of the statutory remedy provided by 5 U.S.C. § 552(a)(4)(B) by alleging a

---

[1] However, other courts have found that Bivens does not preclude injunctive relief.  See, e.g., Bunn v. Conley, 309 F.3d 1002, 1009 (7th Cir. 2002) (A Bivens claim can be brought as an allegation that a constitutional injury arose out of the actions of federal agents – regardless of the nature of the relief sought."); Kane v. Winn, 319 F. Supp. 2d 162, 213 (D. Mass. 2004) ("One can also seek injunctive relief via a Bivens action.").

1 | claim for injunctive relief under that statute.  The Complaint therefore is dismissed
2 | with leave to amend.

3 |     If plaintiff still desires to pursue this action, he is ORDERED to file a First
4 | Amended Complaint within thirty (30) days of the service date of this Order.  If
5 | plaintiff chooses to file a First Amended Complaint, it should bear the docket number
6 | assigned in this case; be labeled "First Amended Complaint"; and be complete in and
7 | of itself without reference to the original complaint, or any other pleading, attachment
8 | or document.

9 | **Plaintiff is admonished that, if he fails to timely file a First Amended**
10 | **Complaint, the Court will recommend that the action be dismissed with**
11 | **prejudice on the grounds set forth above and for failure to diligently prosecute.**

13 | DATED: June 30, 2014

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE